UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE FONTENOT,

       Plaintiff,                                Case No. 12-cv-10488

                                                Paul D. Borman
v.                                           United States District Judge

AHMED MOHAMBUD JAMA and
STAN KOCH & SONS TRUCKING, INC.,
A Minnesota Corporation,
Jointly and Severally,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 10)**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 10.) Plaintiff filed a response (ECF No. 16) and Defendants filed a reply (ECF No. 17). The Court held a hearing on October 24, 2013. For the reasons that follow, the Court GRANTS Defendants' motion.

**INTRODUCTION**

This action involves Plaintiff's allegations of personal injuries sustained in an automobile accident involving a tractor trailer driven and owned by Defendants. Plaintiff asserts claims of negligence against both the driver of the tractor trailer and the company for which Plaintiff drove. Defendants now move for partial summary judgment on Plaintiff's claims of negligent entrustment and on Plaintiff's claims that Defendants were negligent based upon alleged violations of certain provisions of the Michigan Vehicle Code.

1

**I.    BACKGROUND**

This action involves a motor vehicle accident that occurred on September 4, 2009 on Southbound I-75 near Southgate, Michigan. (Pl.'s Resp. Ex. 1, State of Michigan Traffic Crash Report, the "Traffic Report" at 1.) The accident occurred at approximately 11:25 a.m. in clear weather conditions on a dry road. *Id.* According to the Traffic Report, Plaintiff was traveling Southbound on I-75 in the center lane of three lanes when Defendant Ahmed Mohambud Jama ("Jama"), driving a tractor trailer for Defendant Stan Koch & Sons Trucking, Inc. ("Stan Koch"), began merging onto the highway ahead of Plaintiff's vehicle from the right hand shoulder of the road. *Id.* at 2. A third vehicle, driven by a non-party to this action, was traveling Southbound in the left hand lane next to Plaintiff on Plaintiff's driver's side. Presumably in an effort to avoid contact with Defendant Jama's vehicle, Plaintiff's vehicle impacted the third vehicle with the front left portion of Plaintiff's vehicle, spun around to a North facing direction and impacted the rear-side area of the driver's side of Defendant Jama's vehicle with the driver's side of his vehicle and came to rest there. *Id.*

Plaintiff's version of events is somewhat, although not entirely, consistent with the Traffic Report. Plaintiff testified that he was traveling Southbound on I-75 in the center lane alongside a tractor trailer that was traveling Southbound in the lane to his left, slightly behind Plaintiff and attempting to pass, when Plaintiff noticed Jama ahead to his right beginning to merge his tractor trailer onto the freeway into the right lane. (Pl.'s Resp. Ex. 2, May 24, 2012 Deposition of Andre Fontenot 26-32.) Plaintiff was driving a Ford Bronco and towing a trailer that carried several lawn mowers and other equipment for lawn care work. *Id.* at 23. Plaintiff perceived Jama's vehicle to be encroaching into the center lane, Plaintiff's lane of travel, deviating outside the far right lane into

which Jama was attempting to merge. *Id*. at 28-29.  Plaintiff was "trapped between the two trucks" and applied his brakes and tried to stop.  *Id*. at 29, 32.  Plaintiff does not remember what other maneuvers he may have attempted.  *Id*. at 29.  At some point the front and driver's side of Plaintiff's vehicle impacted the rear driver's side of Jama's vehicle and Plaintiff's vehicle came to rest facing North between the two trucks, both of which were still facing South, the original direction of travel.  *Id*. at 35, 37.  Photographs of Plaintiff's vehicle show damage to the front and front right side of the Bronco as well as to the rear of the Bronco.  (Pl.'s Resp. Ex. 3, Photographs.)  The damage to the rear of Plaintiff's vehicle apparent in the photographs is unexplained in the parties' filings.  According to Plaintiff, he was taken by ambulance from the scene, having suffered injury to his shoulder and low back, the latter requiring surgery and rehabilitation.  *Id*. at 41-42, 49-50.

Plaintiff's Complaint alleges negligence against both Defendant Jama and Stan Koch and also asserts a separate claim against Stan Koch for negligent entrustment.  Defendants now move for partial summary judgment, seeking dismissal of Plaintiff's negligent entrustment claim and seeking to preclude Plaintiff from relying on certain alleged statutory violations in support of his theory of negligence.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless a different time is set by local rule or court order.  Fed. R. Civ. P. 56(b).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Of course, [the moving party]

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment.

4

*Celotex*, 477 U.S. at 322-23.  The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).  "A genuine issue of material fact exists if a reasonable juror could return a verdict for the nonmoving party."  *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 759 (6th Cir. 2010).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.... In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).  "In reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III.     ANALYSIS

At the outset, the Court notes that Plaintiff has been dilatory in the prosecution of this litigation.  First, Defendants filed this motion for partial summary judgment on January 7, 2013. On January 14, 2013, the Court issued a Notice of Hearing requiring Plaintiff to respond by February 7, 2013 and setting a hearing date of September 25, 2013.  (ECF No. 11, Notice of Hearing.) Plaintiff failed to file a response to the motion by the February 7, 2013 deadline and appears to have been alerted to this failure by the Court's August 6, 2013 Notice rescheduling the hearing date on the motion from September 25, 2013 to October 24, 2013, following which Plaintiff filed a motion for extension of time to respond Defendants' motion, which had then been pending for seven months.  (ECF No. 13, Motion for Extension of Time.)  Because the Court's schedule precluded a hearing on the motion before October 24, 2013, and over Defendants' objection, the Court granted Plaintiff's motion and permitted Plaintiff to file his untimely response. (ECF No. 15, Order Granting Motion for Extension of Time.)

Having generously been granted an unearned extension of time, Plaintiff filed a barebones three-page response, first asserting that the question of how this accident occurred and whether Defendant Stan Koch negligently entrusted Defendant Jama to operate the tractor trailer should be submitted to a jury because Defendant Jama (1) failed to appear for his deposition and (2) failed to respond to discovery.  Neither statement is true and in any event this is an insufficient response to Defendants' well-supported motion for summary judgment.  Defendants did respond fully to Plaintiff's interrogatories. *See* Defs.' Reply Exs. F, G.  Importantly, if Plaintiff was dissatisfied with Defendants' responses, he was obligated to file a motion to compel further answers.  No such motion was ever filed.

6

More significantly, Plaintiff fails to mention in his response that Plaintiff first sought to depose Defendant Jama on July 16, 2013, more than seven months after discovery closed in this case and six months after Defendants filed their timely motion for partial summary judgment! (Defs.' Reply Ex. E, July 16, 2013 Letter from Alison Tomiak to Tara Cannatella.) Under these circumstances, Defendants were quite within their rights in refusing to produce Defendant Jama for deposition and Magistrate Judge David Grand was equally correct in refusing to compel Jama's deposition at such a late stage of proceedings. As Magistrate Judge Grand noted in his Order Denying Plaintiff's Motion to Compel, to which importantly Plaintiff never filed objections, "the Court is left to wonder why . . . Plaintiff waited until 7 months after discovery closed to attempt to depose Jama; why Plaintiff waited 6 weeks after Jama's counsel indicated his client would not attend the deposition to file [a motion to compel]; and why Jama's deposition is desired or necessary when summary judgment briefing has been completed?" (ECF No. 20, Order Denying Mot. Compel 3.) Plaintiff cannot fail to engage in discovery and then direct the Court to the absence of the evidence that he claims such discovery would have yielded as his response to Defendants' well-supported summary judgment motion. That being said, the Court concludes that Plaintiff has failed to demonstrate a genuine issue of material fact as to his negligent entrustment claim and has failed to demonstrate the materiality of Defendant Jama's alleged violation of Michigan statutory provisions requiring a vehicle to stop within the assured clear distance ahead and requiring compliance with certain brake equipment provisions of the Michigan Vehicle Code.

> **A.  Plaintiff has Failed to Produce Evidence Sufficient to Create a Genuine Issue of Material Fact as to Stan Koch's Alleged Negligent Entrustment**

"To prove negligent entrustment, a plaintiff must establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver;

7

and that the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency." *Hendershott v. Rhein*, 61 Mich. App. 83, 88 (1975) (internal quotation marks and citation omitted). "To prove an entrustor should have known an entrustee was likely to use an entrusted chattel in an unsafe manner, peculiarities of the entrustee sufficient to put the entrustor on notice of that likelihood must be demonstrated." *Best v. Dante Gentillini Trucking, Inc.*, 778 F. Supp. 360, 367 (E.D. Mich. 1991) (internal quotation marks and citation omitted) (alteration omitted). Plaintiff has failed to produce any evidence sufficient to create a genuine issue of material fact either (1) that Defendant Jama was an incompetent driver or (2) that Defendant Stan Koch was aware that Jama possessed any unreasonable risk propensities.

In support of their motion for summary judgment on Plaintiff's negligent entrustment claim, Defendants attach Defendant Jama's Minnesota Motor Vehicle Record, Employment Verification Forms, and Drug and Alcohol Test Results. (Defs.' Mot. Ex. C.) These records indicate that Jama had all of the necessary licenses and certifications and at least four years of experience driving a tractor trailer at the time of the September, 2009 accident. The records demonstrate that Jama had not been involved in a traffic accident prior to the incident involving Plaintiff. Jama was at all times medically certified to operate a tractor trailer and his Motor Vehicle Record shows only one moving violation, in 2007 for speeding, in the 8 years prior to the accident. The other citations that appear on Jama's Motor Vehicle Record, three for failure to observe a traffic control device and one for speeding, occurred more than 9 years before the accident.

The validity of these records is not in dispute and there is no assertion by Plaintiff that there are incidents reflecting Jama's driving competency that do not appear on these records. In response,

Plaintiff simply states that "there is a question of fact as to Defendant's negligent entrustment," referring the Court to Jama's Motor Vehicle Record as provided by Defendants. This is wholly insufficient. There is no evidence in the records provided by Defendants of recklessness, carelessness or habitual behavior indicating Jama's incompetence or an unreasonable propensity for risk. Plaintiff offers no legal authority, indeed not even an argument, to support the suggested inference that one speeding infraction in an 8 year period demonstrates incompetence or an unreasonable propensity for risk. *See McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 807 (N.D. Tex. 2003) (proof of one traffic violation and two moving violations in the two year period prior to the accident insufficient to create an inference that driver is incompetent or reckless).

   Plaintiff offers no evidence in response to Defendants' motion for summary judgment on his claim of negligent entrustment creating a genuine issue of material fact for submission to a jury. Plaintiff repeats the assertion that this is a triable jury question because Defendant Jama failed to respond to discovery and failed to appear for a deposition. As discussed *supra*, this is a gross misstatement of the facts and utterly irrelevant to Plaintiff's failure to adequately respond to Defendants' well-supported motion. "[W]hen a non-movant fails to rebut the movant's proofs and cannot establish the essential elements of its claim, summary judgment must be entered." *Best*, 778 F. Supp. at 367.

**B.     There is No Evidence to Create a Genuine Issue of Material Fact Regarding Defendant Jama's Alleged Inability to Stop His Vehicle Within the Assured Clear Distance Ahead in Violation of Mich. Comp. Laws § 257.627 or His Alleged Violation of Mich. Comp. Laws § 257.705**

Defendants argue that accepting Plaintiff's own version of the events that led to the accident, Plaintiff applied his brakes in an effort to avoid a collision with Defendant Jama's trailer, which merged onto the highway *in front* of Plaintiff. Plaintiff was unable to stop in time and ultimately collided with the rear side of Defendant Jama's trailer. Given this scenario, Defendants argue, Defendant Jama's ability to stop his vehicle within the assured clear distance ahead of him, allegedly in violation of Mich. Comp. Laws § 257.627, can have absolutely no relevance to how this accident occurred. Mich. Comp. Laws § 257.627 provides in pertinent part: "A person shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead." According to Plaintiff's version of the accident, Defendant Jama merged onto the highway from the right shoulder of the highway ahead of Plaintiff, cutting Plaintiff off and preventing Plaintiff from stopping in time to avoid colliding with the rear and side of Defendant Jama's trailer. In response to Defendants' argument that Jama's ability to stop without hitting the vehicle *ahead* of him has no possible relevance to how this accident occurred, Plaintiff offers nothing – no evidence by way of affidavit or otherwise or even a theory as to how Defendant Jama's ability to stop his tractor trailer within the assured clear distance *ahead* of him would have had any effect whatsoever on how this accident occurred.

Plaintiff states in his response to Defendants' motion that he has sufficiently demonstrated the materiality of Defendant Jama's ability to stop his vehicle within the assured clear distance ahead by relying on Plaintiff's testimony that "Defendant crashed into his vehicle after recklessly merging from the highway shoulder." (ECF No. 16, Pl.'s Resp. 8.) In support, Plaintiff cites to his

10

own deposition where in fact he testified as follows:

> Q: Why don't you tell me how the accident happened?
> A: I was in the center lane, and this truck just started pulling out in front of me from the right side, and there was another truck here on my left.
> Q: There was another truck here on your left?
> A: On my left.
> Q: In the lane next to you?
> A: In the lane next to me, and the truck on my right, it just pulled out, and that's when I was trying to stop the truck, and he hit me.

Pl.'s Resp. Ex. 2, Fontenot Dep. 26. This testimony does nothing to put flesh on Plaintiff's barebones allegation that Jama's negligence can be demonstrated by his failure to stop within the assured clear distance ahead of him, or that even if Jama were unable to stop in the assured clear distance ahead of him, how this inability would be material to a determination of how this particular accident occurred. Nor was counsel able to clarify this claim at the hearing on Defendants' motion. Plaintiff's counsel directed the Court's attention to the fact that the Traffic Report noted a "hazardous action of 03" for Defendant Jama. (Traffic Report 1.) Counsel "thought" this was the code for failure to stop within an assured clear distance, but it is not. Hazardous action "03" is the code for failure to yield, having nothing to do with stopping within the assured clear distance ahead which has its own code - "12." *See* http://mdotjboss.state.mi.us/TCPS/util/Trfc_Crsh_Rpt.pdf  In fact, Plaintiff also was cited with a hazardous action - "13" - designated as "other" on the State of Michigan Traffic Crash Report Code. There is no dispute that neither Plaintiff, nor Defendant Jama was issued a citation as a result of this accident. This aspect of the Traffic Crash Report does nothing to support Plaintiff's proposed reliance on the failure to stop within an assured clear distance provision of the Michigan Vehicle Code.

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action

or defense asserted by the parties." *Kendall*, 751 F.2d at 174. Presented with Defendants' well supported motion seeking to preclude Plaintiff from relying on this theory of negligence, Plaintiff was required to demonstrate the materiality of any factual dispute that might exist over the question of whether Jama failed to stop in the assured clear distance ahead. Plaintiff has failed to do so.

Defendants also move for summary judgment on Plaintiff's claim that Defendants' negligence in violating Mich. Comp. Laws § 257.705, a brake equipment statute which specifies brake equipment requirements for various categories of vehicles, caused the accident. Plaintiff again directs the Court to the above-quoted single line of Plaintiff's testimony that Defendant Jama "hit him" as evidence that a genuine factual dispute exists, that is material to Plaintiff's claims, regarding Defendants' alleged violation of the brake equipment statute. Again, at the summary judgment stage, Plaintiff was required to do much more than this. Plaintiff has produced no evidence whatsoever regarding the condition of the brakes on Jama's tractor trailer, or the manner in which Jama operated the brakes, that creates a genuine issue of material fact that would preclude this Court from granting Defendants' motion for summary judgment on this issue. At the hearing on Defendants' motion, Plaintiff's counsel conceded that Plaintiff had "no evidence" at all regarding the condition of the brakes on Defendant Jama's vehicle. Plaintiff offers no evidence in response on this issue that would create a genuine issue of material fact regarding the condition of the brakes or Jama's operation of the brakes on the day of the accident. "[W]hen a non-movant fails to rebut the movant's proofs and cannot establish the essential elements of its claim, summary judgment must be entered." *Best*, 778 F. Supp. at 367.

Notwithstanding his failure to produce any evidence on this issue in response to Defendants' motion, Plaintiff asserts that he is entitled to proceed on the entire litany of inconsistent claims pled

in his Complaint. (Pl.'s Resp. 7-8.) Perhaps if Plaintiff were responding to a motion to dismiss prior to discovery this argument would have some merit. However, Plaintiff is responding to a well-supported motion for summary judgment, filed after the close of discovery, and must do more at this point than merely rest on the allegations of his Complaint. Plaintiff offers no evidence *at all* regarding the condition of the brakes of Jama's tractor trailer nor does he offer any evidence, or even a theory, as to how the condition or operation of the brakes on Jama's tractor trailer caused the accident. Plaintiff again states that because Defendant Jama refused to respond to discovery or appear for his deposition, the issue of how the accident occurred is one for the jury, which should be free to find Defendants' negligence based upon any one of the statutory violations identified by Plaintiff in the Complaint. But, as discussed *supra*, Defendant Jama did not fail respond to discovery and did not fail to appear for his deposition – Plaintiff failed to conduct adequate and timely discovery. These are not justifications for Plaintiff's failure to adequately respond, with Rule 56 evidence, to Defendants' argument that there is no triable issue of fact regarding an alleged violation of the brake equipment statute and no argument to support the materiality of any such violation to resolution of Plaintiff's negligence claims. If a theory of materiality exists, and if there is evidence in the record to support, it is not the Court's job to ferret it out.

At the summary judgment stage, Plaintiff is required to do more than merely rest on the allegations of his Complaint and on "alternate" or "inconsistent" theories that he has utterly failed to articulate or to flesh out with any evidence. In the face of Defendants' motion challenging his theory that Jama was negligent due to a violation of Mich. Comp. Laws § 257.705, Plaintiff was obligated to respond with evidence of evidentiary quality that created a genuine issue of material fact as to his allegations of negligence based upon an alleged violation of this statute. Plaintiff has

13

failed to do so and Defendants are entitled to summary judgment and dismissal of Plaintiff's claim of negligence based upon an alleged violation of Mich. Comp. Laws § 257.705.

## IV. CONCLUSION

Because Plaintiff has produced no evidence creating a genuine issue of material fact that Defendant Jama was incompetent to drive his vehicle, or that Defendant Stan Koch had knowledge of any incompetence, the Court GRANTS Defendants' motion for partial summary judgment on Plaintiff's claim of negligent entrustment (Count IV). Further, because Plaintiff has produced no evidence to establish either the failure or the materiality of the brake function of Defendant Jama's vehicle, or of Defendant Jama's alleged failure to stop in the assured clear distance ahead of him, to Defendants' liability in this case, the Court GRANTS Defendants' motion for partial summary judgment and precludes Plaintiff's reliance on these alleged statutory violations as bases for his claims in this action.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2013.

s/Deborah Tofil
Case Manager